# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MARTEZ GULLEY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | **2:09-cv-1709-AKK** |
| **OFFICER COREY HOOPER,** ) | |
| **individually and in his official** ) | |
| **capacity,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On October 27, 2011, a jury returned a verdict in favor of Plaintiff Martez Gulley and against Defendant Officer Corey Hooper[1] finding that Hooper "violated the Plaintiff's federal constitutional right not to be subjected to excessive or unreasonable force during arrest." Doc. 81. The Eleventh Circuit Court of Appeals affirmed the verdict. Doc. 08. Gulley now seek attorney's fees as the prevailing party pursuant to 42 U.S.C. § 1988. Docs. 90, 107. After reviewing Hooper's response and Gulley's reply, docs. 110, 111, the court **GRANTS** Gulley's motion for attorney's fees.

---

[1]The court dismissed Defendants the City of Birmingham, Chief of Police A.C. Roper, and former Chief of Police Annetta Nunn on August 15, 2011. Doc. 33.

Generally, to determine reasonable attorney's fees, the "court must multiply the number of hours reasonably expended by a reasonable hourly rate . . . . After determining the lodestar,[2] the court may adjust the amount depending upon a number of factors, including the quality of the results and representation of the litigation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996). The appropriate "hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997). Although the "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates," the court "is itself an expert on [this issue] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment . . . as to value." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations omitted).

---

[2]In determining the lodestar, the court applies the 12-factor test set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). These 12 factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

Hooper challenges Gulley's motion on five grounds: that (1) the case was not complex or voluminous, (2) Gulley's attorneys performed no discovery, (2) Gulley failed to disclose his fee arrangement, (3) Gulley's attorneys failed to distinguish their fees as related to the various defendants, (4) the hourly rate for Gulley's attorneys and their paralegal is unreasonable, and (5) Gulley's attorneys' work descriptions are inadequate. Doc. 110 at 1-2. The court disagrees with Hooper's contentions for several reasons. First, as a threshold matter, Gulley's lawyers in fact conducted discovery. *See* docs. 27,44. Second, the court notes that this litigation lasted three years and included time spent on a three day trial and Hooper's appeal. Docs. 74, 75, 79-80. Moreover, Hooper and the other defendants tried this case vigorously and challenged routine requests for documents. *See* docs. 38, 47, 87. In fact, Hooper's employer added to the complexity and contentious nature by coming to the courtroom on the first day of trial to arrest Gulley for a warrant the Department obtained against Gulley over six months earlier. While the court has no reason to believe that Hooper played any role in this decision, the court includes this incident here solely to point out the contentious nature of this lawsuit and that the decision to execute the warrant at trial caused Gulley's counsel to take on additional issues and scramble to figure out how best to proceed with their case. This incident further proves the difficulty

involved in trying these sorts of cases and the undesirability of civil rights lawsuits against a member of law enforcement.

Based on the undersigned's overall knowledge and experience and direct observations from this lawsuit, the time allocated to this case by Gulley's counsel is reasonable given the issues in this case and the fact that this litigation has spanned three years.  Moreover, the entry descriptions are adequate and consistent with customary legal practices.  Therefore, the court finds that a reasonable hourly rate for Wendy Brooks Crew is $350.00 per hour in light of her 28 years of experience, a reasonable fee for Alyson Hood-Rains is $150.00 per hour in light of her competent assistance and two years of experience, and that a reasonable fee for their paralegal is $95 per hour.  Doc. 107-4 at 2.  Crew and Hood-Rains expended 85.75 and 40.75 hours, respectively, exclusive of "hours spent by other staff of Crew & Howell, P.C."  *Id*.  Accordingly, the court finds that the Crew and Howell, P.C. law firm has reasonably incurred $41,509.87 in expenses directly related to the prosecution of this case.

As such, it is hereby **ORDERED** that, for work done in this case, Gulley shall have and recover of Hooper the total sum of **Forty One Thousand Five Hundred Nine and 87/100 Dollars ($41,509.87)** as reasonable attorney's fees and reimbursement expenses to be paid **to the law firm of Crew & Howell, P.C.**

DONE the 27th day of September, 2012.

                                                **ABDUL K. KALLON**
                                                UNITED STATES DISTRICT JUDGE